UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ohio State Chiropractic Association, et al., | ) | CASE NO: 5:14CV2313 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Humana Health Plan, Inc., et al., | ) | (Resolving Doc. 5) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' motion to dismiss the complaint (Doc. 5). Plaintiffs Ohio State Chiropractic Association ("OSCA") and Dr. Thaddeus Bosman have opposed the motion and Defendants have replied. The motion to dismiss is GRANTED.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted

> rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Analysis**

In their motion, Defendants contend that this court lacks subject matter jurisdiction over the complaint because Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs respond that no exhaustion is required under the facts they have pled in their complaint.

Section 405(h), made applicable to the Medicare Act by 43 U.S.C. § 1395ii, provides that any claim "arising under" the Medicare Act must be brought exclusively under 42 U.S.C. § 405(g). See 42 U.S .C. § 405(h); *Heckler v. Ringer*, 466 U.S. 602,

614–15 (1984) (stating that section 405(h) provides that section 405(g) is the sole avenue for judicial review for all "claim[s] arising under" the Medicare Act); Applying the foregoing rule to the instant case, this Court concludes that, if plaintiffs' claims against Humana. "arise under" the Medicare Act, dismissal is proper, but, if plaintiffs' claims against Humana do not "arise under" the Medicare Act, then exhaustion is not required.

The United States Supreme Court seems to have adopted two alternative tests for determining whether a claim "arises under" the Medicare Act. First, a claim "arises under" the Medicare Act if "both the standing and the substantive basis for the presentation" of the claim is the Act. *Ringer*, 466 U.S. at 615 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760–61(1975)).  Second, a claim "arises under" the Medicare Act if it is "inextricably intertwined" with a claim for Medicare benefits. *Ringer*, 422 U.S. at 614.

Herein, Plaintiffs' complaint alleges as follows.  Humana is a Medicare Advantage Organization ("MAO"), or in other words, a managed health care organization that provides Part C Medicare benefits to enrollees through privately-run Medicare Advantage programs.  Plaintiff Bosman is a non-contracted provider that serviced Human Medicare Advantage enrollees. Bosman, along with members of the proposed class, submitted bills to Humana for services provided.  The complaint claims that Humana has for several years paid Bosman and the class members at a rate higher than that established by the Medicare Fee Schedule.  Subsequently, Humana began mailing Bosman and class members overpayment recovery notifications.  Bosman in particular received notices on at least four occasions, indicating that he had received overpayments in the amount of $1,287.48.  Humana has attempted to recoup these alleged

overpayments by deducting amounts from bills later submitted by Bosman and the proposed class members. As a result of this conduct, Bosman seeks a declaratory judgment, injunctive relief, and raises claims on behalf of himself and the proposed class for conversion, unjust enrichment, and breach of implied contract.

Based upon the above allegations, Humana contends that the claims are inextricably intertwined with a claim for benefits under Medicare and therefore exhaustion is required. In response, Plaintiffs rely heavily on *RenCare Ltd. V. Humana Health Plan of Texas, Inc.*, 395 F.3d 555 (5th Cir. 2004) for the proposition that payment disputes between MAOs and providers are not properly construed as claims for Medicare benefits. In that regard, the Court finds itself in agreement with a colleague in the Southern District of Florida that recently opined:

> Additionally, *RenCare* is distinguishable from the facts here in several ways. First, the Fifth Circuit rationale in *RenCare* relied on the regulatory system in effect at that time, which was subsequently replaced with a new framework which changed the way that MA organizations are paid. 42 U.S.C. § 1395w–24(a)(1)(A) (2014). Under the new framework, MA organizations must now submit a bid estimating its costs for the following year. Decisions on whether payments should or should not be made affect the estimated medical expenses for the following year, which in turn affect the government's savings and the enrollee's premiums and benefits received. Therefore, the way in which claims for benefits are resolved will have a financial impact on the government and enrollees. Second, the fact that Plaintiff and Defendant had a separate contract does not preclude Plaintiff from its requirement to exhaust administrative remedies. The Provider Agreement did not contain any provisions excusing Plaintiff from exhausting the Medicare appeals process. In fact, the Provider Agreement states that the provider agreed "to accept the terms and conditions set forth in [the Provider] Agreement as they apply to ... Medicare HMO plans, Medicare POS Plans, Medicare Supplement/Select Plans [and] Other Medicare Plans." Aff. of Joyce King, at 32."

*Associates Rehabilitation Recovery, Inc. v. Humana Medical Plan, Inc.*, 2014 WL 7404547, at *3 (S.D.Fla. Dec. 10, 2014). This Court similarly concludes that any

resolution of whether Humana has a right to recover these alleged repayments will have a direct financial impact on the federal government. A ruling in Plaintiffs' favor will alter the estimated medical expenses for Humana moving forward, in turn affecting the government's savings and enrollees' premiums. Accordingly, despite their labels as declaratory judgment and state law claims, the claims are inextricably intertwined with a claim for Medicare benefits. As such, the claims must be administratively exhausted before they are presented to a District Court for review.

### III.        Conclusion

Defendants' motion to dismiss is GRANTED. The complaint is hereby dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.


January 23, 2015                             /s/ Judge John R. Adams
Date                                         JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT